## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATASCHA LINDEMANN,<br><br>                              Plaintiff,<br><br>v.<br><br>BROW BAR INC CORPORATION, JESSICA OLIVEIRA, individual, and DOES 1 through 10, inclusive.<br><br>                              Defendants. | Case No. **1:24-cv-13032**<br><br>**COMPLAINT FOR COPYRIGHT INFINGEMENT**<br><br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Natascha Lindemann for her Complaint against Brow Bar Inc Corporation; Jessica Oliveira, individually; and DOES 1 through 10 inclusive, alleges as follows:

## JURISDICTION AND VENUE

1.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2.     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.     This court has personal jurisdiction over Defendant(s) because Defendant(s)'s actions alleged herein occurred in the Commonwealth of Massachusetts, Defendant(s) caused injury to Plaintiff within the Commonwealth of Massachusetts, and Defendant(s) have a physical presence in the Commonwealth of Massachusetts.

4.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or 28 U.S.C. § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, Defendant(s) reside in or can be found in this district, Defendant(s) conduct regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## PARTIES

5.    Plaintiff Natascha Lindemann ("Lindemann" or "Plaintiff") is an individual and professional photographer.

6.    Defendant Brow Bar Ink Corporation ("Brow Bar") a Massachusetts Corporation with a business address of 234 Bedford St. Lexington, MA 02420.

7.    Upon information and belief, Defendant Jessica Oliveira ("Oliveira"), is an individual residing in the Commonwealth of Massachusetts, and is or was at all relevant times the principal officer, owner, or member of the Defendant business entity named in this Complaint (Brow Bar).

8.    Upon information and belief, the Defendant Brow Bar and Defendant Oliviera were at all relevant times acting as agents and alter egos for each other and are thus each jointly, severally, and personally liable for the debts and liabilities of each other.

9.    Brow Bar has one or more offices and employees in the Commonwealth of Massachusetts, has conducted regular and substantial business throughout the Commonwealth of Massachusetts including this judicial district, and has transacted business with many individuals or business residing throughout the Commonwealth of Massachusetts including this judicial district.

10.    Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on

that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained.

11.    For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of.

## FACTUAL ALLEGATIONS

### *Natascha Lindemann is a successful beauty photographer*

12.    Natascha Lindemann is a successful beauty and beauty product photographer whose Instagram page, which features her work, has amassed over 144,000 followers.

13.    Lindemann has licensed her work for commercial use to Sephora, Mac Cosmetics, Artdeco, Huda Beauty, Dyson, Kylie Skin, and Wycon Cosmetics and her work has been featured in *Women's Health Magazine*, *Harper's Bazaar Magazine*, and *Cosmopolitan.*

14.    Lindemann's livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Lindemann's work deters would-be infringers from copying and profiting from her work without permission.

15.    Lindemann is the sole author and exclusive rights holder to an original close up beauty shot of a model's face, where the model is looking head on at the camera with her left hand on her cheek ("Beauty Photograph 1").

16.    Attached hereto as Exhibit A is a true and correct copy of the Beauty Photograph 1.

17.    Lindemann is the sole author and exclusive rights holder to an original close up beauty shot of a model's face, where the model is looking out of the side of her eyes at the camera, with both hands on her cheeks ("Beauty Photograph 2").

18.    Attached hereto as Exhibit B is a true and correct copy of the Beauty Photograph 2.

19.    Beauty Photograph 1 and Beauty Photograph 2 shall collectively be referred to as the "Beauty Photographs".

20.    Lindemann registered the Beauty Photographs with the United States Copyright Office under registration certificate VA 2-305-137.

21.    A true and correct copy of registration certificate VA 2-305-137 is attached hereto as Exhibit C.

### Brow Bar Ink Corporation is a commercial business

22.    Defendant Brow Bar Ink Corporation is beauty spa specializing in permanent makeup, facials, microneedling, eye brow lifts and tints, hydra lips and other services. *See*  https://browbarink.com/procedure/.

23.    Brow Bar manages, operates and controls the Instagram account @browbarink_    https://www.instagram.com/browbarink_/    ("Defendant's Instagram").

24.    Defendant's Instagram provides users a direct link to book appointments in the biography section of Defendant's Instagram. *See https://www.instagram.com/browbarink_/*

25.    Defendant's Instagram also urges users "FOR APPOINTMENT AND INFO PRESS THE LINK 617-501-0469".

26.    On information and belief, Defendant's Instagram generates content in order to promote Defendant(s)' products and services, attract social media followers and user traffic to the Defendant's main webpage, and generate profit and revenue for the company and its owner(s).

27.    At all relevant times, Defendant's Instagram was readily accessible to the general public throughout the Commonwealth of Massachusetts, the United States, and the world.

28.    Upon information and belief, Defendant Oliviera is or was at all relevant times the principal officer, owner, or member of Brow Bar and had a direct financial interest in the content and activities of Defendant's Instagram (including the activities alleged in this Complaint).

29.    Upon information and belief, the Defendants named in this Complaint (including Brow Bar and Oliviera) were at all relevant times acting as agents and alter egos for each other and are thus each jointly, severally, and personally liable for the debts and liabilities of each other.

30.    At all relevant times, Defendant Brow Bar and Defendant Oliviera had the ability to supervise and control all content on Defendant's Instagram.

### *Brow Bar Engages in Copyright Infringement*

31.    On or about August 5, 2024 Lindemann discovered her Beauty Photograph 1 copied, published, and displayed on Defendant's Instagram in a post captioned "BROW REPAIR _ HAIR GROWTH TREATMENT. SWIPE AND SEE WHAT IT IS FOR. IF YOU HAVE ANY QUESTIONS PLEASE WRITE YOUR QUESTIONS IN THE COMMENTS BELOW OR CALL, TEXT TO 781-420-6803 browbarink@hotmail.com ." ("Infringement A").

32.    Attached hereto as Exhibit C is a true and correct screenshot of Infringement A on Defendant's Instagram

33.    On or about May 6, 2024 Lindemann discovered her Beauty Photograph 2 copied, published, and displayed on Defendant's Instagram in a post captioned "SOME TIPS FOR THE BEFORE AND AFTER LIP BLUSH" ("Infringement B).

34.    Attached hereto as Exhibit D is a true and correct screenshot of

Infringement B on Defendant's Instagram.

35.    According to Defendant's Website, "Lip Blushing Is a type of semipermanent cosmetic tattooing procedure achieved by depositing pigments in your lips using small needles." *See* https://browbarink.com/procedure/.

36.    Infringement A and Infringement B shall collectively be referred to as the "Infringing Posts".

37.    Lindemann, through counsel, made several attempts to resolve this matter with Defendant but Defendant was not willing to resolve the claim.

38.    Lindemann has never at any point given Brow Bar or Oliviera a license or other permission to copy, display, distribute or otherwise use the Beauty Photographs on the Defendant's Instagram or any other website or platform.

39.    In no event did Lindemann consent to, authorize, or provide Defendants with a license to make a copy or publicly display the Beauty Photograph on Defendant's Instagram with the Infringing Posts or in any other manner.

40.    Lindemann is informed and believes Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Beauty Photographs and caused it to be uploaded to and displayed on Defendant's Instagram.

41.    Lindemann is informed and believes that the purpose of the use of the Beauty Photographs on Defendant's Instagram was to promote and encourage sales of Defendant's services by providing a high-quality, professionally-produced photograph to assist the viewer in visualizing the results that could be achieved by using Defendant's services.

42.    Specifically, Defendant used the Beauty Photograph 1 in Infringing Post A to promote and advertise Defendant's hair growth and eyebrow treatment.

43.    Specifically, Defendant used Beauty Photograph 2 in Infringing Post

B to promote and advertise Defendant's lip blushing services.

44.    Lindemann is informed and believes Defendant (including their employees, agents, contractors or others over whom they have responsibility and control) used, displayed, published, posted, and otherwise held out to the public Lindemann's original and unique Photographs in order to acquire a direct financial benefit, through revenue from the sales of Defendant's services, from the use of the Beauty Photographs.

45.    On information and belief, Defendant's use of the Beauty Photographs was deliberate and willful because it knew or should have known that it did not purchase a license to use the Beauty Photographs.

**CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq***

46.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.    Plaintiff owns a valid copyright in the Beauty Photograph.

48.    Plaintiff registered the Beauty Photographs with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

49.    Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Beauty Photographs.

50.    Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Beauty Photographs in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Beauty Photographs of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Posts.

51.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or

statutory damages pursuant to 17 U.S.C. § 504(c).

52.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

53.    Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

54.    Defendant(s)—including its employees, agents, contractors or others over whom it has responsibility and control—copied and uploaded the Beauty Photographs to Defendant's Instagram without Lindemann's consent or authorization.

55.    Brow Bar (including its employees, agents, contractors or others over whom it has responsibility and control) willfully uploaded the Beauty Photographs onto Defendant's Instagram because Brow Bar knew it did not have permission to use the Beauty Photograph.

56.    Defendants were at all relevant times each acting as agents and alter egos for each other and are thus each jointly severally liable for the debts and liabilities of each other.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

- For a finding that Defendants infringed Plaintiff's copyright interest in the Beauty Photographs by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants in an amount up to

$150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For an injunction preventing Defendants from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.


Dated:          December 6, 2024                    Respectfully submitted,


**/s/ Taryn R. Murray**
Taryn R. Murray, Esq.
Mass Bar No. 703750
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne Ave #200
N. Las Vegas, NV 89032-5418
(714) 617-8373
(714) 597-6729 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*

9

## **DEMAND FOR JURY TRIAL**

Plaintiff Natascha Lindemann hereby demands a trial by jury in the above matter.

Dated:          December 6, 2024              Respectfully submitted,

<u>**/s/ Taryn R. Murray**</u>
Taryn R. Murray, Esq.
Mass Bar No. 703750
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne Ave #200
N. Las Vegas, NV 89032-5418
(714) 617-8373
(714) 597-6729 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*